# CONFIDENTIAL SETTLEMENT AGREEEMENT AND LIMITED GENERAL RELEASE

This Confidential Settlement Agreement and Limited Release (hereinafter "Agreement") is hereby entered into between Lazaro D. Echevarria, and all of his agents, successors, heirs, and assigns (referred to as "Plaintiff"), and Wireless One LLC and Ali A. Ali (hereafter "Employers"), and all of its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, and assigns, and all of its past and present owners, officers, directors, shareholders, members, employees, consultants, agents, insurers, attorneys, and assigns (collectively referred to as "the Employers"), who both are collectively referred to as "the Parties". This Agreement shall be effective upon execution by all Parties.

**Whereas**, Plaintiff filed a lawsuit in the District Court for the Southern District of Florida to recover his outstanding and unpaid/underpaid overtime wages and for retaliation damages, plus penalties, attorneys' fees and costs from the Employers pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*, and 26 U.S.C. §7434, in *Lazaro Echevarria v. Wireless One LLC and Ali A. Ali,* Case No.: 16-CV-23983-MORENO/O'ULLIVAN ("the Lawsuit").

**Whereas**, to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and all other claims that could have been brought. By entering into this Agreement, Employers do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or Florida law, and expressly deny any and all such liability.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to resolve Plaintiff's claims in the Lawsuit by the Employers' payment of the gross amount of $13,500.00, which is comprised of $6,500.00 to Plaintiff (comprised of the gross amount of $3,250.00 in unpaid overtime wages less withholdings and deductions for which a W-2 shall issue, plus $3,250 in liquidated damages and in satisfaction of any and all other claims – including Plaintiff's 26 U.S.C. §7434 claim – for which a 1099 shall issue), with the balance (of $7,000.00) representing the attorneys' fees and costs due to Plaintiff and payable to the FairLaw Firm. The Parties agree that the above-referenced payments shall be received by the FairFaw Firm at FairLaw Firm, 7300 N. Kendall Drive, Suite 450, Miami, FL 33156, within 21 days of the Court's approval of the settlement.

Should Employers default in any payment obligations hereunder or tender a check that is not negotiable, then Employers shall have five (5) days to cure such default after the provision of written/email notice to Employers' counsel. In the event Employers fail to cure a default in payment under this Agreement, then Plaintiff shall be entitled to receive a judgment on an ex parte basis in the amount of $18,500.

The Parties generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Plaintiff or Employers ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed. This release includes, without limitation, any claims,

demands or liabilities relating to or arising out of Plaintiff's employment with Employers and separation of employment with Employers pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

Plaintiff and Employers agree that all matters relating to this Agreement, and the negotiations preceding this Agreement, are ***strictly confidential***. Plaintiff and Employers further agree that they and their attorneys, spouse and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. Plaintiff and Employers expressly agree that they cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet or to individuals that Plaintiff or Employers know or have reason to know are past or present employees, contractors, customers and vendors of the Employers. In response to any inquiry about the Litigation, the Parties may only state "the mater has been resolved".

Plaintiff expressly waives and disclaims any right to reinstatement or reemployment with Employers, agrees never to seek employment with Employers at any time in the future, and that she shall not be re-hired or work for any business or entity owned by Employers. Upon inquiry, Employers shall provide a neutral employment reference by verifying Plaintiff's dates of employment, position(s) held, and rate(s) of pay, but without reference to any demand, claim(s) asserted, lawsuit, or the resolution thereof.

Notwithstanding the forgoing, Plaintiff and Employers may disclose this Agreement on the following conditions: (i) Plaintiff may advise his attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that she received income as a result of a settlement agreement relating to his employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss his conversation with them to the Employers; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, either Party may testify or provide information regarding this Agreement or may produce the Agreement.

The Parties acknowledge that each had the opportunity to have this document reviewed by counsel, that each had his/her/its counsel review and if necessary revise the Agreement, and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. This Agreement may not be changed except in writing and signed by all of the Parties.

The parties agree that the substantive law of the State of Florida governs this Agreement, and that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the litigation. The parties agree that the Court may dismiss the Litigation provided that the Court retain jurisdiction for a period of 60 days to enforce this Agreement. If the Court invalidates any provision of this Agreement, then all

remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively rely.

Employers represent and warrant that the person signing this Agreement has the authority to act on behalf of Employers and to bind Employers and all who may claim through Employers to the terms and conditions of this Agreement represents and warrants that he has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. Plaintiff and Employers each warrant(s) and represent(s) that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

The Parties agree that this Agreement and the Motion to Approve and proposed Order Approving shall be prepared and filed with the Court within 10 days from the date set forth below.

This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Employers, which is/are expressly denied.

Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

Plaintiff represents that this Agreement has been explained and/or translated to his and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date first set forth above, willingly, and freely.

Dated this 10th day of January, 2017.

**Lazaro D. Echevarria**

By: _____
         Lazaro D. Echevarria

**Wireless One LLC**

By: _____
         As Its Authorized Agent
Print name:_____Ali A. Ali

**Ali A. Ali**

By: _____
         Ali A. Ali